NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLEMENTE HUERTA-JIMENEZ; ERMELINDA PEREZ, <br><br> Petitioners-Appellants, <br><br> v. <br><br> CHAD F. WOLF, Secretary of the Department of Homeland Security; RONALD D. VITIELLO; WILLIAM P. BARR, Attorney General; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br> Respondents-Appellees. | No.   19-55420 <br><br> D.C. No. 3:19-cv-00150-MMA-BLM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Clemente Huerta-Jimenez and Ermelinda Perez appeal from the district court's judgment dismissing their 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo, *Zavala v. Ives*, 785 F.3d 367, 370 (9th Cir. 2015), and we affirm.

The district court did not err in determining that it lacked jurisdiction over petitioners' 28 U.S.C. § 2241 habeas petition. *See Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138-40 (9th Cir. 2008) (habeas jurisdiction over expedited removal orders is limited to "to an inquiry over whether: '(A) the petitioner is an alien, (B) whether the petitioner was ordered removed under such section, and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence'" (citing 8 U.S.C. § 1252(e)(2))); *see also* 8 U.S.C. § 1252(g) (courts generally lack jurisdiction to hear claims arising from the Attorney General's decision to commence proceedings); *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032-33 (9th Cir. 2016) (no matter how a claim is framed, if it "challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal, it is prohibited by section 1252(a)(5)" (citation and internal quotation marks omitted)).

In light of this disposition, we need not reach petitioners' contentions regarding constructive custody. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th

2                                                                 19-55420

Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Petitioners' contentions concerning the Suspension Clause are foreclosed by *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1969-71 (2020) (where petitioner "does not want simple release but, ultimately, the opportunity to remain lawfully in the United States" the relief requested falls outside the scope of the writ and the Suspension Clause argument fails).

**AFFIRMED.**